UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.                                    Case No. 2:23-cr-37(2)

Diaba Diane,                          Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Diaba Diane ("Defendant") is charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (b)(2). *See generally*, Indictment, ECF No. 10. Trial is currently set for November 13, 2023. ECF No. 99.

Defendant now moves to continue her trial date and associated pre-trial deadlines. Mot., ECF No. 109. Defendant contends the continuance is warranted because the parties are currently engaged in plea negotiations amid Defendant's busy college schedule. *Id.* at 2.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded

from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—

for example, those enumerated in subsection 3161(h)(1)—are automatically

excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request

of a party or on the Court's own motion, that time is excludable only if the Court

makes "specific findings" that the "ends of justice served by the granting of such

continuance outweigh the best interests of the public and the defendant in a

speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings

must be set forth "in the record of the case, either orally or in writing." *Zedner v.*

*United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18

U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice"

continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding
> would be likely to make a continuation of such proceeding impossible,
> or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number
> of defendants, the nature of the prosecution, or the existence of novel
> questions of fact or law, that it is unreasonable to expect adequate
> preparation for pretrial proceedings or for the trial itself within the time
> limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in
> the filing of the indictment is caused because the arrest occurs at a
> time such that it is unreasonable to expect return and filing of the
> indictment within the period specified in section 3161(b), or because
> the facts upon which the grand jury must base its determination are
> unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on Defendant's representation that the parties are in the process of working out a plea agreement, the Court finds that "the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice." *See* 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

Pursuant to 18 U.S.C. § 3161(h)(6), which allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," this time is excludable for all co-defendants in this case. *See United States v.*

*Flemming*, 658 F. App'x 777, 785–86 (6th Cir. 2016) (holding that delay-orders granted due to some co-defendants being unavailable for trial were excludable as to all other co-defendants because their time for trial had not run and they had not been severed).

Defendant's motion is **GRANTED**. Trial is set for **February 12, 2024, at 9:00 a.m.** The final pretrial conference is set for **February 7, 2024, at 3:00 p.m.**, by which time the joint Final Pretrial Order must be filed on the docket. Any motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) and Federal Rule of Evidence 702 are due by **January 18, 2024, at 5:00 p.m.** Any responses to such motions are due by **January 29, 2024, at 5:00 p.m.** All motions *in limine* and proposed joint, substantive jury instructions are due by **January 22, 2024, at 5:00 p.m.** Any response to such motion is due by **February 1, 2024, at 5:00 p.m.**

The Clerk shall terminate ECF No. 109.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**